CHIEF JUSTICE TURNAGE
dissenting.
¶37 I respectfully dissent and would affirm the District Court holding that the June 18,1997 letter “clearly contemplates a separate testamentary instrument not yet in existence to accomplish the transfer of the Montana property.”
¶38 Section 72-2-523, MCA, requires that a document or writing added upon a document can only constitute a decedent’s will if the proponent establishes by clear and convincing evidence that the decedent intended the document or writing to constitute, in this case, decedent’s holographic codicil.
¶39 The letter of June 18,1997, and the record in this case does not meet the standard of clear and convincing evidence.
¶40 The June 18, 1997 letter, as set forth in the majority opinion, contains this — and only this — language relating to the question of a holographic will: “I’ll have the lawyer visit the hospital to be sure you inherit the rest of the place in MT. if it comes to that.” That language clearly indicates that decedent Kuralt did not intend the letter to operate as a holographic will but, rather, expressed his intent that at a future date he would have a lawyer visit him in the hospital to be sure that Patricia Shannon would, by a document thereafter to be executed, inherit “the rest of the place in MT.” Such language is precatory and expresses only a desire or wish. It certainly does not constitute imperative, direct terms of bequest.